## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JUAN COLOMBANI**<br>**Plaintiff**<br><br>**v.**<br><br>**RINCON DE LA VILLA, INC.**<br>**Defendant** | CIVIL: 24-1528 (SCC) |

## SECOND MOTION TO DISMISS COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** defendant Rincon de la Villa, Inc., through the undersigned attorney, and respectfully **SETS FORTH and PRAYS**:

On November 11, 2024, plaintiff filed the above entitled complaint, docket 1. On February 7, 2025, defendant Rincón de la Villa, Inc, filed a Motion to Dismiss, docket 12, because plaintiff failed to comply with the required pre-suit requirement to modify any allege discriminatory policy or practice. _Kiman v. New Hampshire Dept. of Corrections_, 451 F. 3d 274, 283 (1st Cir. 2006)), _Betancourt-Colón v. Kimco PR Mgt. Corp._, No. CV 22-1055 (DRD), 2023 WL 6393065.

On February 7, 2025, this Honorable Court issued an order, docket 12, directing plaintiff to file its response to our motion to dismiss. Instead, plaintiff chose to file an amended complaint on the due date of February 21, 2025, docket 13.

Plaintiff knows that the owner of the property mentioned in the claim is defendant Rincón de la Villa, Inc., (averment 11 of the amended complaint).

In the Amended Complaint, at averment 19, plaintiff alleged that on October 20, 2024, he sent a letter addressed to Ms. Ritin Caro, in which he allegedly reported the situation of the incident, plaintiff alleged occurred on July 2, 2025.

Ms. Ritin Caro is the widow of the founder of Villa Cofresi Hotel, Rubén Caro Muñiz, who passed away on October 15, 2013. Previous to his death, on December 18, 1995, Mr. Ruben Caro, who was then the mayor of the City of Rincón, gave in the property mentioned in averment 10 of the amended complaint, to his descendants and a new corporation was organized, which is defendant Rincón de la Villa, Inc.

Ms. Ritin Caro has no ownership on the property described in averment 10 of the amended complaint; neither is she a stockholder of the corporation Rincón de la Villa, Inc. As stated before this is of plaintiff knowledge and he states it so at averment 11 of the amended complaint. In his amended complaint plaintiff never alleged that he complied with the required pre-suit request to modify and allege their discriminatory policy or practice, to defendant Rincón de la Villa, Inc.

As stated in our first motion to dismiss, docket 12, we reiterate plaintiff's failure and request the dismissal of the amended complaint.

The ADA was enacted by Congress "to address the major areas of discrimination faced day-to-day by people with disabilities, hoping to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individual." Dudley v. Hannaford Bros. Co., 333 F. 3d 299, 303 (1st Cir. 2003) (quoting 42 U.S.C. § 12101(a)(6), § 12101(b)(4)) (internal

citations omitted). Title III of the ADA provides a general rule as to the accommodation of disabled individuals in public places, stating that:

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

Consequently, to make out a *prima facie* case for failure to make a reasonable modification under Title III, Plaintiff must demonstrate that (i) he has a disability as defined under the ADA, (ii) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (iii) that the defendant has a discriminatory policy or practice in effect, (iv) that he requested a reasonable modification of defendant's policies or procedures which, if granted, would have afforded him access to the desired goods, (v) that the requested modification was necessary to afford that access, and (vi) that the defendant nonetheless refused or failed to make the requested modification. *See*, Dudley, 333 F. 3d, at 307-08 (citing PGA Tour, Inc. v. Martin, 532 U.S. 661, 683 n. 38, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001); Amir v. St. Louis Univ., 184 F. 3d 1017, 1027 (8th Cir.1999); Johnson v. Gambrinus Co./Spoetzl Brewery, 116 F. 3d 1052, 1058-60 (5th Cir.1997)); *see also*, Sánchez v. ACAA, 247 F. Supp. 2d 61, 67 (D.P.R. 2003) (citing 42 U.S.C.A. § 12182(b)(2)(A)(ii)); Rodríguez-Negrón v. San Juan Children's Choir, No. CV 15-1608 (GAG), 2017

WL 1131889, at *8 (D.P.R. Mar. 24, 2017); <u>Bello-Martínez v. Caribbean Sch., Inc.,</u> No. CIV. 14-1609 PG, 2014 WL 3895224, at *1 (D.P.R. Aug. 8, 2014).

Dispositive here, "[t]he operative provision, 42 U.S.C. §12182(b)(2)(A)(ii), requires a person with a disability to request a reasonable and necessary modification, thereby informing the operator of a public accommodation about the disability." <u>Dudley,</u> 333 F. 3d, at 309. The "request for reasonable accommodation generally does not require any specific form or language[.]". <u>Huertas León v. Colón-Rondón,</u> 376 F. Supp. 3d 167, 179-80 (D.P.R. 2019). However, in cases where the alleged violation involves the denial of a reasonable modification/accommodation, "the ADA's reasonable accommodation requirement usually does not apply unless 'triggered by a request.'" This is because a person's "disability and concomitant need for accommodation are not always known ... until the [person] requests an accommodation. <u>Id.</u> (alterations in original) (quoting <u>Kiman v. New Hampshire Dept. of Corrections,</u> 451 F. 3d 274, 283 (1st Cir. 2006)).

In other words, "Title III's requirement that private entities make 'reasonable accommodations' for disabled individuals would be rendered meaningless if the entity had no basis for knowing (1) what accommodations the examinee was seeking, and (2) whether those accommodations were reasonable in light of the disability and the test." <u>Shaywitz v. Am. Bd. Of Psych. And Neurology,</u> 848 F. Supp. 2d 460, 467 (S.D.N.Y. 2012) (citing <u>Dudley</u> 333 F. 3d, at 309)); <i>see also,</i> <u>Castillo v. Hudson Theatre, LLC,</u> 412 F. Supp. 3d

447, 451-52 (S.D.N.Y. 2019) ("[w]ithout [plaintiff] requesting an actual modification, though, it is impossible to determine whether the [defendants] were actually unwilling to accommodate [plaintiff], rendering his allegations merely conclusory.").

In the present case plaintiff failed to make the requisite pre-litigation request to the appearing defendant to modify any of its policies, practices or procedures, therefore, the *Complaint* should be dismissed with prejudice for failure to state a *prima facie* Title III claim under 42 U.S.C. §12182(b)(2)(A)(ii). *See,* Huertas León, 376 F. Supp., at 180 (dismissing plaintiff's reasonable modification claim because plaintiff "[did] not allege[] that she requested an accommodation, or that her need for it was obvious to Defendants so as to trigger different rules[,]" and thus "failed to state sufficient facts satisfying the elements of an ADA discrimination claim"); Betancourt-Colón v. Kimco PR Mgt. Corp., No. CV 22-1055 (DRD), 2023 WL 6393065, at *6 (D.P.R. Sept. 30, 2023) (dismissing *with* prejudice another complaint of the very same Plaintiff in this case under Title III because "[t]he Complaint does not state that Plaintiff made such request."); Betancourt Colón v. Puerto Rico  Conv. Ctr. Dist. Auth., No. CV 22-01288 (MAJ), 2023 WL 5163320, at *4 (D.P.R. Aug. 11, 2023) (same; the very same Plaintiff in this case); *compare with* Santiago Ortiz v. Caparra Ctr. Associates, LLC, 261 F. Supp. 3d 240, 248 (D.P.R. 2016) (finding that the complaint *did* state a plausible Title III claim because plaintiff alleged it informed defendants twice in writing of the need for reasonable accommodation

to allow her service animal and that defendant still refused plaintiff entry with her service animal); <u>DMP v. Fay Sch. Ex rel. Bd. Of Trustees,</u> 933 F. Supp. 2d 214, 222 (D. Mass. 2013) ("However, because I find that [the plaintiff] failed to request a reasonable accommodation and was not otherwise qualified to matriculate at [the defendant school], [the plaintiff] has failed to establish a claim for violation of the ADA."); <u>Castillo v.  Hudson Theatre, LLC,</u> 412 F. Supp. 3d 447, 451–52 (S.D.N.Y. 2019) (dismissing Title III claim because without plaintiff "requesting an actual modification, … it is impossible to determine whether the [defendants] were actually unwilling to accommodate [plaintiff], rendering his allegations merely conclusory."); <u>Shaywitz v. Am. Bd. Of Psych. and Neurology,</u> 848 F. Supp. 2d 460, 469 (S.D.N.Y. 2012) (granting summary judgment in favor of defendants dismissing Title III claim because plaintiff did not notify the disability nor request accommodations).

It must be noted that plaintiff, Juan Colombani, has been visiting Villa Cofresi Hotel and Restaurant, owned by defendant Rincon de la Villa, Inc., frequently, for many years and never had any complaints related to ADA.

It calls our attention that at averment 23 (B) (d) plaintiffs allege:

> "The main entrance has excessive door pressure and insufficient maneuvering clearance, making access difficult."

The Villa Cofresi Hotel and Restaurant doesn't have and has never had a main entrance door.

For the reason here stated, we respectfully request that the claim be dismissed with Prejudice pursuant to Rule 12 (b) (6) of the Federal Rules of Civil

Procedure and plaintiff failure to the require  pre-suit request to modify any allege discriminatory policy and practice to defendant Rincón de la Villa, Inc.

**WHEREFORE** it is respectfully requested that this motion Be Granted and that the amended complaint be dismissed.

**I HEREBY CERTIFY** that on this date, I electronically filed this motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of the record.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico, this 28th day of February of 2025.

*S / Israel Roldán González*
**ISRAEL ROLDAN GONZALEZ**
USDC-PR No. 115602
35 Progreso
Aguadilla, P.R. 00603
E-mail: irg@roldanlawpr.com
Tel: (787)-891-1359